# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>info associated with loancenter1@aol.com that<br>is stored at premises controlled by AOL, Inc. | Case No. MJ15-5191 |

FILED — LODGED
RECEIVED

OCT 30 2015

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A

located in the ____Western____ District of ____Washington____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B for items to be seized.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1343; 18 U.S.C. § 1028A;<br>and 18 U.S.C. § 1956(h) | Wire Fraud; Aggravated Identity Theft;<br>and Money Laundering |

The application is based on these facts:

Please see Affidavit of Samule A. Mautz, Federal Bureau of Investigation (FBI)

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Samule A. Mautz, Special Agent (FBI)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____10/30/2015____

_____
*Judge's signature*

City and state: Tacoma, Washington

J. Richard Creatura, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

STATE OF WASHINGTON    )
                         )   ss
COUNTY OF KING        )

I, Samuel A. Mautz, being first duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.    I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) currently assigned to the Vancouver, Washington Resident Agency of the Seattle, Washington Division of the FBI, and have been so employed for four years. Previously I was assigned to Pierre, South Dakota Resident Agency of the Minneapolis, Minnesota Division of the FBI. I have investigated Indian Country crimes to include white collar crimes, public corruption and violent crimes against children. In the past I have conducted investigations in conjunction with the South Dakota Crimes Against Children Task Force. I was also assigned to the South Dakota Safe Trails Drug Enforcement Task Force. During my investigations I have previously authored and/or participated in the execution of numerous search warrants, seizure warrants, arrests and/or trials. My duties in the past included planning the execution of the warrants, securing and searching the premises, seizing documents, records and other evidence, interviewing witnesses and preparing for trial.

2.    I make this affidavit in support of an application for a search warrant for information associated with the subject email account "loancenter1@aol.com" that is stored at premises controlled by AOL, Inc. (AOL), an e-mail provider headquartered at 22000 AOL Way, Dulles, VA 20166. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require AOL to disclose to the government copies of the information (including the content of communications) further described in Section 1 of Attachment B. Upon receipt of the

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 information described in Section I of Attachment B, government-authorized persons will
2 review that information to locate the items described in Section II of Attachment B.

3      3.     The facts set forth in this Affidavit are based on my own personal knowledge;
4 knowledge obtained from other individuals during my participation in this investigation,
5 including other law enforcement officers; review of documents and records related to this
6 investigation; communications with others who have personal knowledge of the events and
7 circumstances described herein; and information gained through my training and experience.
8 Because this Affidavit is submitted for the limited purpose of establishing probable cause in
9 support of the application for a search warrant, it does not set forth each and every fact that I
10 or others have learned during the course of this investigation.

11      4.     Based on my training and experience and the facts as set forth in this affidavit,
12 there is probable cause to believe that violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C.
13 § 1028A (aggravated identity theft), and 18 U.S.C. § 1956(h) (money laundering conspiracy)
14 have been committed by Mary Gilmore and Robin Thompson. There is also probable cause
15 to search the information described in Attachment A for evidence, instrumentalities,
16 contraband or fruits of these crimes further described in Attachment B.

17                    **THE INVESTIGATION**

18      5.     As discussed below, the subject email account was used as an instrumentality
19 to commit a fraudulent scheme whereby the perpetrators of the scheme used a fraudulent
20 email to induce             to transfer $241,000. A portion of those funds were then
21 moved through multiple accounts to the benefit of the targets of this investigation, Mary
22 Gilmore and Robin Thompson.

23      6.     On February 19, 2015, I interviewed "D.R.", controller for
24              advised that he went into work on January 27, 2015 and saw that he had
25 received an email from who appeared to be "M.H.", Chief Financial Officer of
26              The email instructed D.R. to arrange for a wire transfer of
27 approximately $241,000 to a specified bank account. The email included what appeared to
28 be a forwarded message from "K.C.", Chief Executive Officer of Papa Murphy's

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  International. ████ took the email and the information contained therein and arranged for the
2  wire transfer as requested in the email.

3      7.    The email contained personal information of D.R. and M.H. including their
4  names, positions within the company, and their email addresses. However, the actual
5  account that the fraudster used to communicate with D.R. was from the domain name
6  ████████████ instead of "████████████." The alteration to the domain
7  name was so slight and the content of the email itself was so convincing that D.R. did not
8  realize that the email address was fraudulent.

9      8.    On February 18, 2015, ████████ Corporate Attorney for ████████
10 International, provided me with a copy of the email chain that was received by D.R. on
11 January 27, 2015. The email chain starts with an email that appears to be sent from K.C. to
12 M.H. The email includes the following: "Per our conversation, attached is the wiring
13 instructions. I will provide you with the support for this later. Let me know once is
14 processed". That email appeared to have been sent January 27, 2015. The next email in the
15 chain was the original email sent to ████ and the email he relied on to initiate the wire
16 transfer. The email includes the following: "Process a wire of $241,657.29 to the attached
17 account information ASAP. This should be coded to Admin Expense. Send me the
18 confirmation when completed".

19     9.    On February 19, 2015, ████████ provided me with a copy of the wire
20 transfer confirmation for the wire transfer that D.R. initiated as a result of the fraudulent
21 email. The confirmation shows that on January 27, 2015, $241,657.29 was sent from the
22 ████████ bank account at Wells Fargo Bank, NA. The confirmation shows ████
23 ████ account in Vancouver, WA as the originator of the wire transfer. The
24 confirmation shows that the wire transfer was sent to Citibank, N.A., located in Oakland,
25 CA, to be deposited into account number *2768. ████████ Jr. is listed as the owner of
26 that bank account.

27     10.    On April 8, 2015, I received documents that were sent by Citibank, N.A.
28 relating to account number *2768. The statement for the account for January 26, 2015

Affidavit of Special Agent Mautz- 3
USAO# 2015R00279

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  through February 24, 2015 shows an incoming wire transfer on January 27, 2015 of
2  $241,657.29 from ████████████ International. That same statement shows two wire
3  transfers out from that account. Both wire transfers are for $100,000 each. One of the
4  transfers occurred on January 28, 2015 and the other occurred on January 29, 2015. Citibank
5  documents identify ████████ Jr. from Henderson, NV 89012-2314 as the owner of the
6  account.

7      11.    The Citibank documents show that the $100,000 wire transfer out of the
8  Citibank account on January 28, 2015 was received by US Bank, NA account number *7352,
9  which belongs to ████████████.

10     12.    The $100,000 wire transfer out of Citibank Account Number *2768 on January
11  29, 2015 was sent to Toronto Dominion Bank account located in Toronto, Canada, belonging
12  to John P Dey.

13     13.    A week after the first email request for a wire transfer, D.R. (the controller)
14  received an email requesting another wire transfer, this time for approximately $367,00 to an
15  account in Hong Kong. The controller then approached M.H.(the CFO) about the request
16  and M.H. indicated that he was unaware of the request and had not received any emails from
17  K.C. (the CEO) relating to the transfers. Both the controller and the CFO than approached
18  the CEO about the emails and the fraudulent nature of the email requests was discovered.

19     14.    On June 8, 2015, ████████████ was interviewed by FBI SAs Lance
20  Shakespear and Zachary Carey. I have reviewed a report authored by SA Shakespear
21  detailing the interview with ████████████ advised the agents that he is the father of
22  Mary Gilmore. ████ understood that Gilmore and her boyfriend, Rob Thompson, are
23  involved with broker-type investments. ████ advised that Gilmore had ████ bank
24  account information and Gil████ Thompson arranged for the transfer of $241,657.29
25  into ████ bank account. ████ also told SAs Shakespear and Carey that Gilmore and
26  Thompson gav████ instructions to make two separate $100,000 wire transfers which
27  included account numbers and bank names.

28

Affidavit of Special Agent Mautz- 4
USAO# 2015R00279

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. On May 1, 2015, ████████ was interviewed by FBI SAs Brian Barrow and Thom Vo. I have reviewed a report authored by SA Barrow detailing the interview of ████████ told the agents she had met Mary Gilmore and Robin Thompson through her employment at La Quinta Inns and Suites. For approximately the past year, Gilmore and Thompson have been staying at the La Quinta where ██ works, in Temecula, CA. In January of 2015, Gilmore asked ██ to accept a wire transfer that would be coming from Gilmore's father, ████ ██ in the amount of $100,000. ██ understood that Gilmore had arranged for both the initial wire of money into ████ account and the transfer of money from Winter's account to ██s account.

16. ██ told the agents that Gilmore and Thompson gave ██ detailed instructions to make payments once ██ had received the $100,000 into her bank account. ██ told the agents she had received an email from loancenter1@aol.com which included account information prior to the $100,000 transaction. ██ also provided the agents with a copy of Gilmore's La Quinta hotel bill. The bill lists Gilmore's email address as loancenter1@aol.com.

17. ██ indicated that once the money was transferred to her account, Gilmore and Thompson directed her to pay for a number of items including, but not limited to an outstanding hotel bill for over $18,000 and a bill for two separate storage rooms. Gilmore promised that she would pay ██ $6,500 for her help with the $100,000 transfer.

18. After being alerted to the fraud, Citibank attempted to recall the wire transfer. On October 20, 2015, I interviewed D.R. regarding Citibank's ability to recall some or all of the wire transfer. D.R. advised that Citibank was able to return a total of $76,764.64 of the wire transfer. D.R. stated that the outstanding loss to ████████ International was now $164,892.65. D.R. indicated that his company continued to receive emails requesting wire transfers that are similar to the email discussed above, that are sent from a domain name that is almost identical to the ████████ domain names except for the alteration of a single letter.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206)553-7970

19. I conducted an analysis of the initiating IP addresses for the emails that were sent to ▮▮▮▮▮▮ controller. Both the first and second email requests are associated with an IP addresses owned by Tucows.com which is based in Toronto, Canada.

## SUBJECT EMAIL ACCOUNT AS INSTRUMENTALITY OF THE CRIMES

20. Information provided by ▮▮ indicates that the subject account was used as an instrumentality of the crimes. Gilmore has indicated that the subject email account is associated with her. Moreover, Gilmore used the subject email account to provide ▮▮ with the information needed to execute wire transfers.

## BACKGROUND REGARDING AOL's SERVICES

21. In my training and experience, I have learned that AOL provides a variety of on-line services, including electronic mail ("e-mail") access, to the general public. AOL allows subscribers to obtain e-mail accounts at the domain name aol.com, like the e-mail account listed in Attachment A.

22. Subscribers obtain an account by registering with AOL. When doing so, e-mail providers like AOL ask the subscriber to provide certain personal identifying information. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users, and to help establish who has dominion and control over the account.

23. E-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via AOL's website), and other log files that reflect usage of the account. In

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 addition, e-mail providers often have records of the Internet Protocol address ("IP address")
2 used to register the account and the IP addresses associated with particular logins to the
3 account. Because every device that connects to the Internet must use an IP address, IP
4 address information can help to identify which computers or other devices were used to
5 access the e-mail account, which can help establish the individual or individuals who had
6 dominion and control over the account

7      24.    In general, an e-mail that is sent to an AOL subscriber is stored in the
8 subscriber's "mail box" on AOL servers until the subscriber deletes the e-mail. If the
9 subscriber does not delete the message, the message can remain on AOL servers indefinitely.
10 Even if the subscriber deletes the e-mail, it may continue to be available on AOL servers for
11 a certain period of time.

12      25.    When the subscriber sends an e-mail, it is initiated at the user's computer,
13 transferred via the Internet to AOL's servers, and then transmitted to its end destination.
14 AOL often maintains a copy of the e-mail sent. Unless the sender of the e-mail specifically
15 deletes the e-mail from the AOL server, the e-mail can remain on the system indefinitely.
16 Even if the sender deletes the e-mail, it may continue to be available on AOL's servers for a
17 certain period of time.

18      26.    A sent or received e-mail typically includes the content of the message, source
19 and destination addresses, the date and time at which the e-mail was sent, and the size and
20 length of the e-mail. If an e-mail user writes a draft message but does not send it, that
21 message may also be saved by AOL but may not include all of these categories of data.

22      27.    An AOL subscriber can also store files, including e-mails, address books,
23 contact or buddy lists, calendar data, photographs, and other files, on servers maintained
24 and/or owned by AOL. In my training and experience, evidence of who was using an e-mail
25 account may be found in address books, contact or buddy lists, e-mail in the account,
26 attachments to e-mails, including photographs and files, and photographs and files stored in
27 relation to the account.

28

28.   In some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.  In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## PAST EFFORTS TO OBTAIN THIS EVIDENCE

29.   This evidence has not been previously available to me or other agents.  On June 18, 2015, I sent a preservation letter to AOL, requesting that they preserve all evidence related to the account, loancenter1@aol.com, under authority of Title 18, United States Code, Section 2703(f)(1), for a period of 90 days.

30.   Witnesses in the investigation have connected the account, loancenter1@aol.com, to criminal activity as previously described.  To date, the laptop believed to have been used to access the account, loancenter1@aol.com, has not been at the disposal of law enforcement to be searched.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

31.   Pursuant to Title 18, United States Code, Section 2703(g), this application and affidavit for a search warrant seeks authorization to permit AOL, and its agents and employees, to assist agents in the execution of this warrant.  Once issued, the search warrant will be presented to AOL with direction that it identify the aol.com account described in Attachment A to this affidavit, as well as other subscriber and log records associated with the account, as set forth in Section I of Attachment B to this affidavit.

32.   The search warrant will direct AOL to create an exact copy of the specified account and records.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206)553-7970

33.    I, and/or other law enforcement personnel will thereafter review the copy of the electronically stored data, and identify from among that content those items that come within the items identified in Section II to Attachment B, for seizure.

34.    Analyzing the data contained in the forensic image may require special technical skills, equipment, and software. It could also be very time-consuming. Searching by keywords, for example, can yield thousands of "hits," each of which must then be reviewed in context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Keywords used originally need to be modified continuously, based on interim results. Certain file formats, moreover, do not lend themselves to keyword searches, as keywords, search text, and many common e-mail, database and spreadsheet applications do not store data as searchable text. The data may be saved, instead, in proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases, as well. Consistent with the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months. All forensic analysis of the data will employ only those search protocols and methodologies reasonably designed to identify and seize the items identified in Section II of Attachment B to the warrant.

35.    Based on my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize a variety of e-mail communications, chat logs and documents, that identify any users of the subject account and e-mails sent or received in temporal proximity to incriminating e-mails that provide context to the incriminating communications.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

36.    Based on the forgoing, I request that the Court issue the proposed search warrant. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is, "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Accordingly, by this Affidavit and Warrant I seek authority for the government to search all of the items specified in Section I, Attachment B (attached hereto and incorporated by reference herein) to the Warrant, and specifically to seize all of the data, documents and records that are identified in Section II to that same Attachment.


Samuel A. Mautz, Affiant
Special Agent
Federal Bureau of Investigation


SUBSCRIBED and SWORN to before me this 30 day of October, 2015.


J. RICHARD CREATURA
United States Magistrate Judge

Affidavit of Special Agent Mautz- 10
USAO# 2015R00279

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

## ATTACHMENT A

### Account to be Searched

The electronically stored data, information and communications from January 1, 2015 to present, contained in, related to, and associated with, including all preserved data associated with: AOL, Inc. account:

**loancenter1@aol.com**

as well as all other subscriber and log records associated with the account, which are located at premises owned, maintained, controlled or operated by AOL, Inc., an e-mail provider headquartered at 22000 AOL Way, Dulles, VA 20166.

Affidavit of Special Agent Mautz- 11
USAO# 2015R00279

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

I. **Section I - Information to be disclosed by AOL, Inc., for search:**

To the extent that the information described in Attachment A is within the possession, custody, or control of AOL, Inc., including any e-mails, records, files, logs, or information that has been deleted but is still available to AOL, Inc., or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on June 18, 2015, AOL, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

d.      All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**II. Section II - Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of Title 18 U.S.C. § 1343 (fraud by wire), those violations occurring January 1, 2015 through the present, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. Communications between the email account loancenter1@aol.com and the email address utilized by ████████ regarding wire transfers; communications or information regarding the "spoofing" of email addresses; communications between Mary Gilmore and Robin Thompson regarding schemes to defraud; and communications made by Mary Gilmore or Robin Thompson regarding the intended or actual use of proceeds obtained by fraud.

b. All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the account specified, or who exercise in any way any dominion or control over the specified account;

c. Any address lists or buddy/contact lists associated with the specified account;

d. All subscriber records associated with the specified account, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

e. any and all other log records, including IP address captures, associated with the specified account;

f. any records of communications between AOL, Inc., and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account. This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by AOL, and my official title is _____. I am a custodian of records for AOL. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of AOL, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.     such records were kept in the ordinary course of a regularly conducted business activity of AOL; and

c.     such records were made by AOL as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

____     _____
Date          Signature

Affidavit of Special Agent Mautz- 14
USAO# 2015R00279

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# UNITED STATES DISTRICT COURT

### for the

### Western District of Washington

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* Info associated with loancenter1@aol.com that is stored at premises controlled by AOL, Inc. | )  )  )  ) Case No. MJ15-5191  )  )  ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Western____ District of ____Washington____ *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

Please see Attachment B for items to be seized.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ____11/13/15____ *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge __Any U.S. Magistrate Judge in Western Dist. of WA__. *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.

☐ until, the facts justifying, the later specific date of _____

Date and time issued:     10/30/2015 10:30 ~~9:00~~ am

City and state:     Tacoma, Washington

*Judge's signature*

J. Richard Creatura, U.S. Magistrate Judge
*Printed name and title*

USAO# 2015R00279

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

## ATTACHMENT A

### Account to be Searched

The electronically stored data, information and communications from January 1, 2015
to present, contained in, related to, and associated with, including all preserved data
associated with:  AOL, Inc. account:

   **loancenter1@aol.com**

as well as all other subscriber and log records associated with the account, which are located
at premises owned, maintained, controlled or operated by AOL, Inc., an e-mail provider
headquartered at 22000 AOL Way, Dulles, VA 20166.

Affidavit of Special Agent Mautz- 11
USAO# 2015R00279

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ATTACHMENT B

**I. Section I - Information to be disclosed by AOL, Inc., for search:**

To the extent that the information described in Attachment A is within the possession, custody, or control of AOL, Inc., including any e-mails, records, files, logs, or information that has been deleted but is still available to AOL, Inc., or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on June 18, 2015, AOL, Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

Affidavit of Special Agent Mautz- 12
USAO# 2015R00279

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**II. Section II - Information to be seized by the government**

1. All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of Title 18 U.S.C. § 1343 (fraud by wire), those violations occurring January 1, 2015 through the present, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

   a. Communications between the email account loancenter1@aol.com and the email address utilized by ███████ regarding wire transfers; communications or information regarding the "spoofing" of email addresses; communications between Mary Gilmore and Robin Thompson regarding schemes to defraud; and communications made by Mary Gilmore or Robin Thompson regarding the intended or actual use of proceeds obtained by fraud.

   b. All messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the account specified, or who exercise in any way any dominion or control over the specified account;

   c. Any address lists or buddy/contact lists associated with the specified account;

   d. All subscriber records associated with the specified account, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

   e. any and all other log records, including IP address captures, associated with the specified account;

   f. any records of communications between AOL, Inc., and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account. This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by AOL, and my official title is _____. I am a custodian of records for AOL. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of AOL, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of AOL; and

    c.    such records were made by AOL as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date            Signature

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970